IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRY FABRICANT, on behalf of himself and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | 1:22-cv-00843 (GTS/CFH) |
| v. | **COMPLAINT – CLASS ACTION** |
| CLEAR SKY LOCAL, LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Terry Fabricant (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff alleges that Clear Sky Local, LLC ("Clear Sky") made unsolicited telemarketing text messages to his residential telephone number that is listed on the National Do Not Call Registry.

4. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Terry Fabricant is an individual citizen.

7. Defendant Clear Sky Local, LLC is a limited liability company located in this District.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has jurisdiction over Clear Sky because it is located in this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant is a resident of this District, which is where the telemarketing conduct occurred from.

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

16. Defendant Clear Sky is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Clear Sky business is generating new customers and leads for the companies that it works for.

18. It does so by making telemarketing calls and sending text messages

19. At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

Calls to Mr. Fabricant

20. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff's telephone number (the "Number"), 805-551-XXXX, is on the National Do Not Call Registry and has been registered continuously since April 16, 2015.

22. The number is the Plaintiff's personal number and used for residential purposes.

23. The number is not associated with a business.

24. Despite this, the Defendant placed multiple telemarketing calls to Mr. Fabricant.

25.     Mr. Fabricant received telemarketing calls in the form of text messages from the Defendant on August 21 and 23, 2021, September 17, 2021, May 11 and 12, 2022, July 8, 10, 11, 13, 15, 17, 18, 20, 22, 24 and 25, 2022 and August 2, 2022.

26.     Several of the text messages are below:

(844) 779-0209

Wednesday, Jul 20 • 2:58 PM

"I wish I heard about this sooner" - we get this all the time on our webinars. Join the next one: https://sbaccel.com/livewebinar

Tap to load preview

Friday, Jul 22 • 1:59 PM

Hey Genaro, In just one month after joining SBA, Chelsea was able to earn over $20,000, all before tax season even started! Join the next webinar to learn how: https://sbaccel.com/livewebinar

Tap to load preview

Sunday, • 1:59 PM



Sunday, Sep 19 • 10:07 AM

Texting with (516) 588-7774 (SMS/MMS)

Hi Genaro, just a reminder the Early Season Marketing live demo you registered for is tomorrow at 1PM EST. Make sure to add it to your calendar!

Monday, Sep 20 • 9:06 AM

Genaro the Early Season Marketing live demo starts in 1 hour (1PM EST). You'll be able to join us here: https://zpr.io/yjwjEJJM4LXL

Tap to load preview

The Early Season Marketing Live Demo is starting shortly! Check your email for the join link or click here: https://zpr.io/viwiE LIM4LXL



27. Some of the text messages were generic, and others were apparently intended for "Genaro", but the Plaintiff has no relationship with a Genaro.

28. All of the remaining text messages had similar solicitation content.

29. In May of 2022, the Plaintiff was receiving these text messages from the Defendant, who did not provide contact information for their company, but the text messages did provide a link for the texting platform that was being used.

30. The Defendant was identified as the sender of the text messages by the platform provider.

31. Plaintiff's privacy has been violated by the above-described telemarketing calls.

32. The Plaintiff never provided his consent or requested these calls.

33. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

34. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

35. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

36. The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

37. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. The Class as defined above are identifiable through phone records and phone number databases.

39. The potential members of the Class number at least in the thousands.

40. Individual joinder of these persons is impracticable.

41. The Plaintiff is a member of the Class.

42. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

   (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (c) whether Defendant's conduct constitutes a violation of the TCPA;

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. Plaintiff's claims are typical of the claims of members of the Class.

44. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

46. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

47. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

48. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

49. The Defendant's violations were negligent, willful, or knowing.

50. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

        Plaintiff,
        By her attorneys,

Dated: August 15, 2022

        By: */s/ Anthony I. Paronich*
        Anthony I. Paronich
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        [o] (617) 485-0018
        [f] (508) 318-8100
        anthony@paronichlaw.com